## THE LYDIA M. DEERING.[1]

(District Court, E. D. Pennsylvania. November 18, 1899.)

NEGLIGENCE—DEFECTIVE APPLIANCES—PROXIMATE CAUSE—BURDEN OF PROOF.
Where a seaman alleges that an injury has been caused by a defective appliance, the burden of proof is upon him to satisfy the court that such defect was the proximate cause of his injury; the respondent's theory of the accident being equally or more probable from the testimony, the libel will be dismissed.

In Admiralty.

This was a libel for an injury to the libelant, an able seaman, caused by a blow from a rope to which power was being applied

[1] Reported by Arthur G. Dickson, Esq., of the Philadelphia bar.

by the vessel's donkey engine in "breasting her," or bringing the vessel further into a wharf. The facts sufficiently appear in the opinion of the court. Libel dismissed, but without costs.

Jos. Hill Brinton, for libelant.

Jos. T. Bunting, for respondent.

McPHERSON, District Judge. In October, 1897, the libelant was a seaman in the service of the schooner Lydia M. Deering, then at the wharf of the Knickerbocker Ice Company, in Philadelphia. She was lying head in, her starboard side towards the wharf. It became desirable to move the vessel nearer to the shore; and, in order to carry out this purpose, a five-inch hawser was fastened to a spile on the wharf, carried through the port chocks in the stern of the ship, and passed through and around the port quarter bitts. A rope, called a "messenger line," was then fastened to the hawser, and was laid along the deck of the vessel towards the bow, until it reached a snatch block fastened in the deck of the vessel, not far from the head of the steam winch. The line was to be wound around the winch, and tightened by the application of power from a donkey engine, thus tightening the hawser also, and drawing the schooner towards the wharf. In carrying out this purpose, the messenger line was passed through the snatch block by the second mate, but the libelant avers that the block lacked a safety appliance intended to prevent the rope from slipping out; and that when the power was applied, and the line and hawser were both tightened, the rope escaped from the block by the surging of the line, and the libelant, who was standing a little aft of the bitts, was struck by the hawser (or perhaps by the messenger), and suffered a fracture of the left leg. Upon this theory of the accident, the order of events is important, and there is a good deal of conflicting testimony upon the subject; the result being to leave me in serious doubt whether the injury was directly caused by the escape of the messenger from the block, or whether the hawser did not first slip over the bitts, and thus cause the escape from the block. On the whole, I incline to the conclusion that the slipping of the hawser was first in time, and therefore that the injury was not caused by the defective block; but, without being positive concerning this fact, I put the decision on the ground that the burden is upon the libelant to prove his averment,— namely, that the defect in the block was the cause of his injury,— and that he has failed to satisfy the court that this averment is true. It is neither alleged nor proved that the bitts were defective, or that the injury was caused by any other negligence than the failure of the ship to furnish a suitable block. The injury seems to have been an accident, so far as can now be seen. The libelant's own negligence may perhaps have contributed. No sufficient reason appears to justify his standing so close to the rope while the power was being applied. If he had stepped back two feet further, he would have been in a place of safety.

The libel must be dismissed, but without costs.